**UNITED STATES of America,
Appellee,**

v.

**Frank SCHWAMBORN, Defendant–
Appellant.**

**No. 07–3282–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 9, 2007.

Richard M. Langone, Massapequa, NY, for Defendant–Appellant.

Burton T. Ryan, Jr., Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Peter A. Norling, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Frank Schwamborn appeals from a July 27, 2007 order of the United States District Court for the Eastern District of New York (Feuerstein, J.) adopting Magistrate Judge A. Kathleen Tomlinson's report and recommendation in its entirety and denying Schwamborn's motion to reopen the December 17, 2006 detention hearing at which his motion for release pending trial was denied. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Schwamborn contends that the district court's order denying him release was clearly erroneous, *see United States v. Sabhnani,* 493 F.3d 63, 75 (2d Cir.2007), because the Bail Reform Act of 1984 does not permit denial of bail based on dangerousness alone when only a non-violent crime is charged and because the government failed to prove by clear and convincing evidence that he would likely obstruct justice. Though the district court may have been ambiguous with respect to the basis of its December 17 order, the district court's July 27 order clarifies that the denial of bail is based on Schwamborn's likelihood to obstruct justice. Further, the July 27 order is not clearly erroneous because the government's initial proffer, as

supplemented by the testimony of one of its proffered witnesses, sufficiently establishes that Schwamborn is likely to attempt to obstruct justice based on his threats and plots to injure witnesses, law enforcement and prosecutors in the instant and other cases and his position as an associate of an organized crime family. We further conclude that the district court did not abuse its discretion in refusing to reopen the bail hearing, *see United States v. Gotti,* 794 F.2d 773, 779 (2d Cir.1986), because the new evidence offered by Schwamborn is not reasonably likely to affect the outcome of the proceeding as multiple instances of threats remain unrebutted. *See* 18 U.S.C. § 3142(f) (requiring defendants to offer new "material" information before a bail hearing may be reopened). Finally, based upon the complexity of this case, we reject Schwamborn's argument that his continued pretrial detention for fifteen months without bail violates his due process rights. *See, e.g., United States v. El–Gabrowny,* 35 F.3d 63, 65 (2d Cir.1994) (noting that the length of detention will rarely by itself offend due process and concluding under the facts of the case that the defendant's eighteen-month detention did not violate due process).

For the foregoing reasons, the motion for bail pending trial is DENIED.